Katie J. Comstock, WSBA No. 40637
Jennifer Tait Solseng, WSBA No. 29475
LEVY | VON BECK | COMSTOCK
1200 Fifth Ave., Suite 1850
Seattle, WA 98101
(206) 626-5444
katie@levy-law.com
jennifer@levy-law.com

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>GEARY CLINTON JONES,<br><br>               Debtor.<br><br>DAVID SCHWARTZ and WENDY SCHWARTZ, a married couple, and 4951 COTTAGES, LLC,<br><br>               Plaintiffs,<br>vs.<br><br>GEARY CLINTON JONES,<br><br>               Defendant. | ADVERSARY NO.<br><br>BANKRUPTCY NO. 24-12676-CMA<br><br>COMPLAINT |

COMPLAINT - Page 1

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 1 of 9

For their causes of action, plaintiffs, David and Wendy Schwartz and 4951 Cottages, LLC, ("Plaintiffs"), allege the following. Each allegation incorporates, by this reference, all preceding allegations contained herein.

## I. PARTIES, JURISDICTION, AND VENUE

1. David and Wendy Schwartz are a married couple residing in King County, Washington, and were the owners of the real property commonly known as 8049 42nd Ave NE, Seattle, WA 98115 ("the Property").

2. On or about November 15, 2023, David and Wendy Schwartz quitclaimed the Property to 4951 Cottages, LLC.

3. Defendant Geary Clinton Jones ("Debtor") is an individual residing in Washington State.

4. On October 23, 2024, Debtor filed a voluntary petition for relief under Chapter 7 or Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington, Seattle.

5. This is an adversary proceeding in which Plaintiffs are objecting to the Debtor's discharge under Bankruptcy Code §§ 727(a)(2)(A), 727(a)(3), and 727(a)(4)(A) – (B), 727(a)(5) and are seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiffs under Bankruptcy Code §§ 532(a)(2)(A), 523(a)(4), and 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and § 157(b)(2)(J).

## II. BACKGROUND FACTS

7. On or about February 29, 2024, Plaintiffs filed a complaint in King County Superior Court under Cause No. 24-2-04659-3 SEA against the Debtor and other parties, including DADUCO LLC dba MyKabin, LLC ("MyKabin").

COMPLAINT - Page 2

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 2 of 9

8. The Debtor was an owner and the CEO of MyKabin.

9. On or about October 3, 2022, Plaintiffs executed a Utility Letter of Intent with MyKabin and made an initial non-refundable deposit payment of $4,410.00

10. On or about December 4, 2022, Plaintiffs contracted with My Kabin to construct an auxiliary dwelling unit ("ADU"). The contract price was a fixed price of $337, 248.00 and required Plaintiffs to pay 1/3 of the contract price upon signing, 1/3 at the time of permit review completion and 1/3 upon substantial completion. Plaintiffs met with the Debtor to sign the contract.

11. Plaintiffs made the initial payment of $112, 364.70 on or about December 6, 2022.

12. Plaintiffs contracted with MyKabin in large part due to MyKabin's marketing and most importantly, the promises of a speedy and straightforward process from start to finish.

13. Prior to signing the contract, Plaintiffs initially met with a sales representative, Rob Hill, who was a family member of the Debtor. However, on November 16, 2022, Mr. Hill advised that he was leaving MyKabin and that the Debtor would be taking over as lead on the project.

14. On November 16, 2022, Plaintiffs emailed the Debtor and requested a meeting as they were meeting with their financial planner to determine how to finance the project and facing a December 3, 2022, price increase deadline.

15. On or about March 14, 2023, the Plaintiffs were advised that permits had been issued for the project, and that payment of the second 1/3 installment as well as an additional $4,130.31 to cover the cost of some design changes were due.

16. On or about March 15, 2023, the Schwartzes paid $4,130.31, to cover the cost of the design upgrades.

COMPLAINT - Page 3

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 3 of 9

17. On or about March 16, 2023, the Schwartzes paid the second 1/3 payment of $112,364.70.

18. On March 16, 2023, Plaintiffs were advised of the following anticipated construction schedule:

    a. Start date: 05/31/2023

    b. Lumber drop: 07/19/2023

    c. Final Inspection: 10/02/2023

    d. Open House: Estimated weekend of 10/05/23 – date TBD

    e. Final walk-thru: 10/09/2023

19. On May 30, 2023, David Schwartz emailed MyKabin to ensure that everything was on track for site work to begin the next day. MyKabin responded that: "I believe the dates have been changed, and I am out of the loop. I'll reach out to Eric and Clint to see what their dates are. They should be reaching out to you shortly."

20. On June 7, 2023, Mr. Schwartz emailed MyKabin stating "It's been over a week since this last message. I'm both surprised and disappointed that I haven't received and update." MyKabin responded "I just sent a message to our executive team. Hopefully you'll hear something soon!"

21. Later that day on June 7, 2023, the Debtor emailed Mr. Schwartz stating "before finalizing a start date, it is crucial that we meet to discuss some significant updates within the company. This meeting will help ensure a smooth transition and align our objectives effectively."

22. Plaintiffs and the Debtor met virtually on June 12, 2023. During the meeting, Mr. Jones advised Plaintiffs that:

COMPLAINT - Page 4

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 4 of 9

a. MyKabin wanted the Plaintiffs to sign an amendment for a change in payment terms which would also lock in their construction schedule;

b. MyKabin spent the last several months working on their production issues and the Debtor believed they had a solution that would deliver a high value ADU without a price increase;

c. The schedule and payment changes were caused by supply chain issues and permit issues;

d. The amendment was the company's attempt to correct the fact that its ADUs had been underpriced.

e. New vertical construction date for the Plaintiffs' ADU would be May 2024, with completion in August 2024 (groundwork and utilities would begin earlier);

f. The amendment would change payment milestone from 33% at contract, 33% at permit issuance and 33% after final walkthrough to 25% at contract, 25% at permit issuance, 25% when foundation and utilities are installed, 20% when drywall beings and 5% after final walkthrough.

g. Although the change in payment milestones would mean that the Plaintiffs had advanced payment for items not yet due (under the anticipated amendment), MyKabin would not refund them the amount of the overpayment.

h. Under the effective contract, there is no guarantee the DADU would ever be built.

COMPLAINT - Page 5

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 5 of 9

i. MyKabin was still delivering DADUs to other customers and had delivered three in the last two to three weeks and expected to deliver two to three a month going forward.

23. At the Debtor's recommendation, the Plaintiffs reviewed the proposed contract amendment with their counsel. When the Plaintiffs returned their counsel's revisions, the Debtor refused to consider any of the revisions and requested another meeting.

24. The Plaintiffs met with the Debtor via zoom on July 20, 2023. During that meeting, Mr. Jones said he felt bad that the Plaintiffs had gone to the effort and expenses of engaging an attorney to review the proposed amendment, that his suggestion they do so had been a mistake, and that he had failed to convey the seriousness MyKabin's financial situation during their June 12, 2023, meeting.

25. The Debtor threatened that: a) if the Plaintiffs refused to sign the amendment, the original contract would remain in effect, and, because that contract does not include firm construction dates, that the Plaintiffs' project would be further delayed; and b) if the Plaintiffs terminated the contract, it would be without cause and MyKabin would negotiate a payment plan where the Plaintiffs were returned only a small fraction of the money over a long period.

26. The Debtor admitted he was contacting all MyKabin's clients to discuss the proposed amendment.

27. The Debtor made numerous representations to the Plaintiffs to assure the Plaintiffs of MyKabin's continued ability to perform the contract and to induce the Schwartzes to continue their relationship with MyKabin. These representations, include but are not limited to, the representations that MyKabin had:

    a. Streamlined overhead;

COMPLAINT - Page 6

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 6 of 9

b. Worked with their landlord to lease out some of their building;

c. Made some layoffs;

d. Cut leadership salaries;

e. Made changes in value engineering;

f. Lowered their overhead to the point that two new sales a month will keep them in the black, and that they have sold as many as nine in a single month before interest rates increased.

28. The Debtor further stated that "the plan is solid, it will work, it just can't handle a lot of turbulence."

29. On July 26, 2023, the Plaintiffs advised the Debtor that via email dated July 26, 2023, that: "Despite the challenges, we plan on continuing our relationship with MyKabin – based almost entirely on your representation of the company's go-forward plan and your acknowledgment of MyKabin's shortcomings regarding our project."

30. MyKabin ceased operations on or about December 22, 2023, and filed a Chapter 7 bankruptcy petition on June 28, 2024, under Western District of Washington Case No. 24-11622. The Debtor is listed as the Manager and authorized representative of MyKabin.

31. MyKabin and the Debtor never performed any work at the Property.

32. On information and belief, Jones knew at the time that Plaintiffs entered into the contract with MyKabin, that MyKabin was severely undercapitalized and experiencing significant financial distress and that MyKabin would not be able to construct the Plaintiffs' ADU, let on the timeline originally promised.

33. On information and belief, Jones knew at the time that MyKabin induced the

COMPLAINT - Page 7

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 7 of 9

Plaintiffs to make the second 1/3 installment payment, that MyKabin was severely undercapitalized and experiencing significant financial distress and that MyKabin would not be able to construct the Plaintiffs' ADU, let alone on the timeline originally promised.

34. According to the complaint filed by MyKabin's landlord, in early 2023, the Debtor informed MyKabin's landlord that the "business was not generating sufficient revenue to pay the monthly rent due under the lease." MyKabin's rent from October 2022, through March 2025, was $20,000.00 per month.

35. On information and belief obtained from legal complaints filed by MyKabin's subcontractors, MyKabin was not paying its subcontractors.

36. Notwithstanding the Debtor's knowledge of MyKabin's struggling financial position, and inability to perform the work paid for, the Debtor continued to solicit payments as well as new business in the ponzi scheme operation of the company.

37. The Debtor knew the risk of fraud claims that the Debtor faced as the proposed contract amendment included express waivers of claims against "Contractor's members, directors, principals, managers, employees, former employees, or agents individually under either this Amendment or the Prior Agreement." This provision was not a part of the original contract.

### III. CAUSES OF ACTION

**A. NON-DISCHARGEABILITY**

38. The Debtor has concealed, destroyed, falsified, or failed to keep or preserve recorded information from which the Debtor's and MyKabin's financial conditions might be ascertained.

39. The Debtor knowingly made material false representations to Plaintiffs with the intent and purpose of deceiving the Plaintiffs. These misrepresentations include, but are not limited

COMPLAINT - Page 8

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 8 of 9

to, the facts that his company, MyKabin, was financially capable and able to fulfill its contract obligations. The Plaintiffs reasonably relied on the Debtor's representations.

40. The Debtor has committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

41. The Debtor has willfully and maliciously injured the Plaintiffs.

42. The Debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the Debtor's liabilities.

43. The Debtor should not receive discharge.

## V. REQUEST FOR RELIEF

Plaintiffs request that this Court enter a judgment denying the Debtor's discharge and granting Plaintiffs such other and further relief as this Court may deem just and proper.

DATED this 24 January 2025.

LEVY | VON BECK | COMSTOCK | P.S.

By: */s/ Jennifer Tait Solseng*
Katie J. Comstock, WSBA No. 40637
Jennifer Tait Solseng, WSBA No. 29475
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
206-626-5444
katie@levy-law.com
jennifer@levy-law.com
*Attorneys for David and Wendy Schwartz and 4951 Cottages, LLC*

COMPLAINT - Page 9

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

Case 25-01008-CMA    Doc 1    Filed 01/24/25    Ent. 01/24/25 15:43:49    Pg. 9 of 9